IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA USA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:21-CV-2079-K |
| LKT & ASSOCIATES, LLC, | § § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant LKT & Associates, LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (the "Motion") (Doc. No. 8). Plaintiff The Guarantee Company of North America USA filed a response in opposition (the "Response") (Doc. No. 15). No reply brief was filed and the time to do so is long past. The Court has carefully considered the Motion and the Response, the applicable law, and Plaintiff's First Amended Complaint (Doc. No. 5) and attachments (Doc. No. 5-1). The Court **DENIES** the Motion in all respects.

The Motion first challenges the Court's subject matter jurisdiction, which is considered under Federal Rule of Civil Procedure 12(b)(1). *Rossco Holdings, Inc. v. McConnell*, Civ. Action No. 4:14-Cv-0374-O, 2014 WL 11460917, at *2 (N.D. Tex.

ORDER – PAGE 1

July 23, 2014)(O'Connor, J.) ("Because the question of standing implicates the court's subject-matter jurisdiction, the court applies the standards for a motion to dismiss pursuant to Rule 12(b)(1)."), *aff'd* 613 F. App'x 302 (5th Cir. June 1, 2015), *cert. denied* 136 S. Ct. 339 (2015); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The Motion filed by Defendant is a facial attack on the Court's subject matter jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981) (a Rule 12(b)(1) motion with no supporting evidence that challenges subject matter jurisdiction solely on the pleadings is a facial attack). As such, the Court accepts "as true all material allegations of the complaint, and . . . construes the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *accord Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presume that general allegations embrace those specific facts that are necessary to support the claim.'"); *Paterson*, 644 F.2d at 523. The Court finds Plaintiff sufficiently alleged that it brings this suit as assignee of non-party Core & Main, LP pursuant to a valid assignment. *See Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 290 (2008) (plaintiffs asserted "*legal rights of their own*" because third parties who originally suffered the injuries assigned to plaintiffs all rights in claims arising from those injuries). Therefore, at this motion to dismiss stage, the Court finds Plaintiff sufficiently alleged

ORDER – PAGE 2

standing to bring the claims asserted in this action.  *See Vt. Agency of Nat'l Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773-774 (2000) ("[T]he assignee of a claim has standing to assert the injury in fact suffered by the assignor."); *see also Lujan*, 504 U.S. at 560-61 (standing requires (1) an injury in fact which is concrete and actual or imminent, (2) a fairly traceable causal link between the injury and defendant's actions, and (3) a likelihood of redressability).  The Court **DENIES** the Motion to Dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.  The Court notes that, because standing inherently concerns subject matter jurisdiction, this issue may be raised at any time, including by the Court *sua sponte*, should any question arise.  FED. R. CIV. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level.").

Defendant also seeks dismissal of the case for failure to sufficiently plead a claim for which relief may be granted.  *See* FED. R. CIV. P. 12(b)(6).  Having taken the well-pleaded facts as true and viewing those in the light most favorable to Plaintiff, the Court concludes Plaintiff has pleaded its claims with facial plausibility as the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*,

ORDER – PAGE 3

550 U.S. 544, 570 (2007).  Because Plaintiff has sufficiently stated its claims, the

Court **DENIES** Defendant's Motion to Dismiss.

       **SO ORDERED.**

Signed March 30th, 2022.

       _Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 4